**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VERONICA VIGIL,

    Plaintiffs,

v.                                        No.: 14-1150

ANNE TAINTOR, ANNE TAINTOR, INC.,
And DOODLETS, LLC;

    Defendants.

### NOTICE OF REMOVAL

Defendants ANNE TAINTOR and ANNE TAINTOR, INC., by and through their attorneys, Allen, Shepherd, Lewis & Syra, P.A., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support thereof, state as follows:

**I.    PROCEDURAL HISTORY & BACKGROUND**

1.    Plaintiff Veronica Vigil ("Plaintiff") filed her Complaint for Damages for Invasion of Privacy; Prima Facie Tort; Defamation; Violation of Unfair Trade Practices Act; Compensatory Damages; Punitive Damages; and Injunctive Relief; with Jury Demand ("Complaint") in the First Judicial District Court, County of Rio Arriba, State of New Mexico, in Cause No. D-117-CV-2014-00380 on November 18, 2014, against Anne Taintor, Anne Taintor, Inc. and Doodlet's, LLC.

2.    Plaintiff's Complaint contains five counts including: (1) prima facie tort; (2) defamation; (3) presentation to the public in a false light; (4) invasion of right to privacy / right to publicity; and (5) violation of the Unfair Trade Practices Act. Plaintiff alleged an entitlement to compensatory damages, punitive damages, and damages under the Unfair Trade Practices Act which allegedly include statutory damages, treble damages, and attorneys' fees and costs.

Plaintiff's Complaint generally alleges that Defendants Anne Taintor and Anne Taintor, Inc. misappropriate Plaintiff's high school graduation photograph by using the photograph on products with a statement "going to be the most popular girl in rehab."  Plaintiff alleged that all Defendants "sold thousands of products bearing the derogatory use of Plaintiff's image in New Mexico, and across the world."  Plaintiff has claimed that the alleged defamatory statements, invasion of privacy, and presentment in a false light caused her emotional damages, loss of privacy, and loss of her reputation.

## II. NOTICE OF REMOVAL IS TIMELY FILED.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446.  This Notice of Removal is being filed with the Court within thirty days after service on Defendant Anne Taintor of a copy of Plaintiff's Complaint.  Affidavit of Anne Taintor, in her individual capacity, attached hereto as Exhibit A, at ¶ 9 ("I was served with the summons and Complaint at my home which is located in Portland, Maine on November 26, 2014.").  This Notice of Removal is being filed with the Court within thirty days after service on Defendant Anne Taintor, Inc. of a copy of Plaintiff's Complaint.  Affidavit of Anne Taintor, Inc., attached hereto as Exhibit B, at ¶ 9 ("Anne Taintor, Inc. was served on December 8, 2014 with the summons and Complaint via its registered agent for service of process for Anne Taintor, Inc., who is located in the state of Maine.").

## III. JURISDICTION AND VENUE

4. Anne Taintor is a citizen and a resident of the State of Maine.  *See* Exhibit A, ¶¶ 4–6. It is the "well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v .K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1091 (D.N.M. 2005) ("'[I]t is more than well-settled that a party's citizenship, i.e., his domicile, must be determined as of the moment the

plaintiff's complaint is filed, and events either before or after the filing of the complaint will not defeat citizenship.'") (internal citations omitted).

5. Defendant Anne Taintor, Inc. is incorporated in the State of Maine and its principal place of business is located in Brooklyn, New York. *See* Affidavit of Anne Taintor, Inc., attached hereto as Exhibit B, at ¶¶ 4–6.

6 Upon information and belief, Doodlet's, LLC ("Doodlet's") is a business organized under the laws of New Mexico with its principal place of business in New Mexico. Although Doodlet's is not diverse to Plaintiff, Doodlet's citizenship must be disregarded for determining diversity because Doodlet's was fraudulently joined to this case as Plaintiff is "'[unable] to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). As described in Section V, Doodlet's was fraudulently joined in this lawsuit for the sole purpose of defeating diversity and to avoid removal under 28 U.S.C. § 1332. Therefore, "[a] district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1122 (D.N.M. 2009) (internal citation omitted).

7. Upon information and belief, Plaintiff is a resident of Santa Fe County, New Mexico.

8. Plaintiff's alleged damages are in excess of the jurisdictional minimum of $75,000.00 exclusive of interest and costs. While the jurisdictional amount is not specifically alleged, courts may consider the substance and nature of the injuries and damages alleged in determining whether it is "more likely than not" that the amount in controversy is met. *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305–06 (D.N.M. 2001). A complaint alleging "a combination of

facts and theories of recovery that may support a claim in excess of $75,000.00 can support removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  Punitive damages may be included in determining the amount in controversy.  *See e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir. 1994).  Plaintiff's request for treble damages and attorneys' fees and costs under § 57-12-10 (*see* Complaint, ¶ 33) of the Unfair Trade Practices Act may also be included in determining the amount in controversy.  *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (affirming the district court's denial of a plaintiff's motion to remand based on the availability of attorney's fees and treble damages under the New Mexico UPA).  Plaintiff has alleged in this case that "[s]ince 2010, Defendants have sold thousands of products bearing the derogatory use of Plaintiff's image in New Mexico, and across the world."  Complaint, ¶ 9.  Plaintiffs have further alleged that "Defendants have profited substantially from the unauthorized and defamatory use of Plaintiff's image."  *Id*.  Defendants do not accept as true the allegations in the Complaint, and deny liability to Plaintiff.  However, for purposes of the amount in controversy only, Plaintiff has alleged a combination of facts and theories of recovery, including a request for compensatory damages, punitive damages, treble damages, and attorneys fees that may support a claim in excess of $75,000, and would be grounds for removal.

In further support of removal, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy.'"  *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002)).  "The amount in controversy is not proof of the amount the plaintiff will recover.  Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.  To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate

4

amount of liability." *Id.* Plaintiff's settlement demand before suit was filed was close to $4,000,000.00. Thus, the amount in controversy well exceeds the $75,000.00 exclusive of interest and costs. Again, while Defendants deny any and all liability, the allegations against Defendants as well as the request for relief support a finding that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met and that removal is appropriate.

9. This Court has jurisdiction over this removed action under 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this Action because complete diversity of citizenship exists between Plaintiff and Defendants Anne Taintor and Anne Taintor, Inc., the citizenship of Doodlet's can be disregarded due to fraudulent joinder, and the amount in controversy exceeds $75,000.

10. The United States District Court for the District of New Mexico includes the county in which the State Court Action is now pending (Santa Fe County) and thus, pursuant to 28 U.S.C. § 111, venue is also proper.

### IV. PLAINTIFF FRAUDULENTLY PLED JURISDICTIONAL FACTS AGAINST DEFENDANTS ANNE TAINTOR AND ANNE TAINTOR, INC.

11. "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher*, 733 F.3d at 988 (quoting *Cuevas*, 648 F.3d at 249). "'Fraudulent joinder is a term of art. It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1231, n.11 (D.N.M. 2013) (quoting *Baeza v. Tibbetts*, No. 06-0407 MV/WPL, 2006 WL 2863486, at *1 (D.N.M. July 7, 2006)).

12.     Plaintiff improperly, and without factual basis, alleged that Defendants Anne Taintor and Anne Taintor, Inc. were citizens of the state of New Mexico.  However, as shown in the attached Affidavit, it is undisputed that Anne Taintor is a citizen of the State of Maine.  *See* Exhibit A, ¶¶ 4–6.  Additionally, it is undisputed that Anne Taintor, Inc. is incorporated in the State of Maine and its principal place of business is in Brooklyn, New York.  *See* Exhibit B, ¶¶ 4–6.

13.     The Tenth Circuit has held that "federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal."  *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)  Therefore, "[i]n examining the fraudulent-joinder issue, the Court is not limited to the pleadings filed by the parties but may pierce those pleadings and consider the entire record of the case as well as any evidence the parties may choose to submit."  *Sanders v. DJO, LLC*, 728 F. Supp. 2d 1200, 1202 (D.N.M. 2010).

14.     Therefore, notwithstanding Plaintiff's allegations to the contrary, the facts clearly demonstrate that the citizenship of Defendants Anne Taintor and Anne Taintor, Inc. are completely diverse from Plaintiff and that removal is proper under 28 U.S.C. § 1332.

V.     **PLAINTIFF FRAUDULENTLY JOINED DOODLET'S AS PLAINTIFF CANNOT ESTABLISH A CAUSE OF ACTION AGAINST DOODLET'S.**

15.     Fraudulent joinder is an exception to the requirement of complete diversity, as the court will disregard a nondiverse party if the joinder of that party is "a sham or fraudulent." *Zufelt*, 727 F. Supp. 2d at 1122 (internal citation omitted).  There is simply no question that in this case the joinder of Defendant Doodlet's, LLC is fraudulent under *Dutcher* as Plaintiff is unable "to establish a cause of action against [Doodlet's, LLC]."  *Dutcher*, 733 F.3d at 988 (quoting *Cuevas*, 648 F.3d at 249).  The Tenth Circuit has explained "that the standard for

6

proving fraudulent joinder 'is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails a kind of merits determination that, absent fraudulent joinder, should [have otherwise been] left to the state court where the action commenced.'" *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1228 (D.N.M. 2013) (internal citation omitted).  "[T]o establish that a party was fraudulently joined, a defendant has the burden of demonstrating that 'there is no possibility that the plaintiff would be able to establish a cause of action' against the party alleged to be fraudulently joined." *Zufelt*, 727 F.Supp.2d at 1124.  The Tenth Circuit has held that the question of fraudulent joinder can be determined by going beyond the pleadings and reviewing the undisputed evidence.  *See Smoot*, 378 F.2d at 882.  In *Smoot* the removing Defendant showed through undisputed evidence "the non-liability" of the non-diverse party.  *Id.*  The Court indicated that while it is not going to "pre-try" the case, it can rule on the question of fraudulent joinder where the issues are capable of summary determination and can be proven with certainty.  The undisputed facts of this case will allow the court to make a summary determination that Plaintiff is unable to maintain a cause of action against Doodlet's and that joinder of Doodlet's was fraudulent.

16.   Plaintiff's Complaint against Doodlet's is premised on the allegation that Doodlet's "is an authorized retailer of Anne Taintor, Inc. that, upon information and belief, has sold products bearing the image of Plaintiff for profit."  Complaint, at ¶ 4.  Plaintiff has alleged that since 2010 Defendants, including Doodlet's "sold thousands of products bearing the derogatory use of Plaintiff's image in New Mexico and across the world."  *Id.* ¶ 9.

17.   In order for Plaintiff to maintain her claims against Doodlet's, Plaintiff would be required to show that Defendant Doodlet's *actually sold* the products at issue.

18.   However, the undisputed evidence shows that Doodlet's did not in fact sell any of the products bearing the image of Plaintiff.  Anne Taintor and Anne Taintor, Inc. did not sell to

7

Doodlet's, LLC or supply to Doodlet's, LLC any product bearing Veronica Vigil's "high school graduation photograph with the phrase 'I'm going to be the most popular girl in rehab.'" Exhibits A and B, at ¶¶ 6-7.  Doodlet's confirmed Anne Taintor's and Anne Taintor, Inc.'s statements through the Affidavit of Stephen Young, attached hereto as Exhibit C.  Doodlet's affirmed that it only sells products in its physical store and does not conduct any sales of products online.  Exhibit C, at ¶ 5.  Doodlet's further affirmed that prior to 2012, Doodlet's, LLC did not sell *any* Anne Taintor products.  *Id.* ¶ 6.  While Doodlet's started selling some Anne Taintor products in 2012, Doodlet's affirmed that "[a]fter a diligent search of its records, including all purchase orders issued to and invoices received from Ann[e] Taintor, Inc., Doodlet's, LLC did not purchase, carry or sell any product that contained Plaintiff Veronica Vigil's image which is the subject of this lawsuit."  *See id.* ¶¶ 6–8.

19. A clear review of Plaintiff's Complaint and the specific claims shows that there is no possibility that Plaintiff can establish a cause of action against Doodlet's.

20. First, Plaintiff's claim of prima facie tort would require Plaintiff to prove: (1) Doodlet's intentionally did some act or failed to act; (2) Doodlet's intended that the act or failure to act would cause harm to Plaintiff or that Doodlet's knew with certainty that the act or failure to act would cause harm to Plaintiff; (3) that Doodlet's act or failure to act was the cause of Plaintiff's harm; and (4) that Doodlet's conduct was not justifiable.  UJI 13-1631 NMRA.  As Plaintiff has alleged her damages were caused by the products bearing her image, there is no possibility Plaintiff can establish all of the elements of a prima facie tort if Doodlet's did not purchase the products at issue, carry the products at issue in its store, or sell the products at issue in its store.

21. Second, Plaintiff's defamation claim similarly fails because Plaintiff cannot meet the requisite elements of defamation against Doodlet's.  UJI 13-1002 (stating that "to establish

the claim of defamation on the part of [Doodlet's], [Plaintiff] has the burden of proving each of the following contentions: (1) the defendant published the communication; and (2) the communication contains a statement of fact; (3) the communication was concerning the Plaintiff; and (4) the statement of fact was false; and (5) the communication was defamatory; and (6) the person[s] receiving the communication understood it to be defamatory; and (7) the defendant [knew that the communication was false or negligently failed to recognize that it was false] [or] [acted with malice]; and (8) the communication caused actual injury to the plaintiff's reputation; and (9) the defendant abused its privilege to publish the communication."). As the undisputed evidence shows that Doodlet's never purchased, carried in its store, or sold the allegedly defamatory products at issue, there is no possibility that Plaintiff can establish the aforementioned elements of a defamation cause of action against Doodlet's.

22.  Third, Plaintiff's "presentation to the public in a false light" claim is really a category of the New Mexico recognized tort of invasion of privacy. *Andrews v. Stallings*, 1995-NMCA-015, 119 N.M. 478, 492-93, 892 P.2d 611, 625-26. The Court in *Andrews* stated that false light invasion of privacy is similar to a defamation claim. *Id.* In *Bitsie v. Walston*, 1973-NMCA-117, 85 N.M. 655, 657, 515 P.2d 659, 661, the Court recognized a cause of action for false light invasion of privacy, where plaintiff alleged that defendants had appropriated her name and likeness without consent and "placed her in a false light in the public eye." *Id.* In the present case, Plaintiff has alleged that the products at issue contained statements that "describe Plaintiff as either an addict or uncaring, a bad member of the community, and a person that would make light of others suffering addiction," and that as such, Defendants, including Doodlet's, placed Plaintiff in false light. *See* Complaint, at ¶¶ 23–24. As Doodlet's did not purchase, carry in its store, or otherwise sell the products at issue, there is no possibility that Plaintiff can maintain a cause of action for "false light" presentation to the public.

9

23. Similarly, Plaintiff's Count IV of invasion of right to privacy / right to publicity claim is an extension of the invasion of privacy claims which include false light, intrusion, publication of private facts, and appropriation. *Andrews*, 1995-NMCA-015, ¶ 58. Plaintiff alleged specifically that it was Defendants Anne Taintor and Anne Taintor, Inc. who misappropriated the Plaintiff's image, not Doodlet's. *See* Complaint, at ¶ 11. Plaintiff then alleged that Defendants, including Doodlet's sold the products at issue. *Id.* ¶¶ 4, 9. As there is no possibility under the set of facts explained that Doodlet's appropriated or sold the products bearing Plaintiff's image, then no cause of action can exist under Count IV.

24. Finally, Plaintiff's claim that Defendants violated the UPA requires a "false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services." NMSA § 57-12-2(D). Plaintiff's UPA claim is premised on the products bearing her image and accompanied by allegedly misleading statements. Again, as Doodlet's never purchased, carried in its store, or otherwise sold any of the products complained upon, there is no possibility a cause of action under the UPA can exist against Doodlet's.

25. As demonstrated through undisputed evidence and New Mexico law, this Court may make a summary determination that Plaintiff has no possibility of maintaining a cause of action against Doodlet's and that Doodlet's has been fraudulently joined into this action. In light of the fraudulent joinder, the citizenship of Doodlet's may be disregarded. Therefore, for purposes of removal, complete diversity of citizenship exists between Plaintiff and Defendants Anne Taintor and Anne Taintor, Inc.

## VI.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

26.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by the Defendants in the State Court Action to date are attached to this Notice as Exhibit D.

27.     Defendant Doodlet's, LLC has consented to removal. *See* Notice of Consent to Removal, attached hereto as Exhibit E.

28.     This Court has jurisdiction over Defendants in this case pursuant to 28 U.S.C. §§ 1332, 1441(a) and/or 1367.

29.     A copy of the Docket Sheet in the State Court Action is attached to this Notice as Exhibit F.

30.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon Plaintiff on this date.

31.     Defendants Anne Taintor and Anne Taintor, Inc. are filing a Notice of Filing Notice of Removal, a copy of which is attached to this Notice as Exhibit G, with the Clerk of the First Judicial District, Count of Rio Arriba, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

32.     Pursuant to D.N.M.LR-CIV 81.1(a), Defendants will submit copies of the records and proceedings from the state court action within twenty-eight (28) days of filing this Notice of Removal.

33.     By and through this Notice of Removal, Defendants remove all claims asserted against it on the basis of diversity jurisdiction, conferred upon this Court under 28 U.S.C. § 1332.

**WHEREFORE**, the removing Defendants, Defendant Anne Taintor and Defendant Anne Taintor, Inc. give notice that the above-styled action, which was pending in the First Judicial District, County of Rio Arriba, State of New Mexico, as Cause No. D-117-CV-2014-00380, is removed to this Court.

          **ALLEN, SHEPHERD, LEWIS**
           **& SYRA, P.A.**

          */s/ Christopher P. Winters*
          E. W. Shepherd
          Christopher P. Winters
          P.O. Box 94750
          Albuquerque, NM  87199-4750
          Phone #: (505) 341-0110
          *Attorneys for Defendants Anne Taintor and*
          *Anne Taintor, Inc.*

**I HEREBY CERTIFY** that on the 23rd day of December, 2014, I filed the foregoing electronically through the CM/ECF system. FURTHER I CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants via first-class mail, postage prepaid addressed as follows:

  A. Blair Dunn, Esq.
  6605 Uptown Blvd. NE #280
  Albuquerque, NM  87110-4233
  abdunn@ablairdunn-esq.com

  Ronald C. Archibeque, Esq.
  ARCHIBEQUE LAW FIRM, LLC
  P.O. Box 94837
  Albuquerque, NM 87199
  ron@archibequelawfirm.com

*/s/ Christopher P. Winters*
Christopher P. Winters