**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VERONICA VIGIL,

      Plaintiffs,

v.                                            **Cause No. 14-1150-KBM-KK**

ANNE TAINTOR, ANNE TAINTOR, INC.,
And DOODLETS, LLC;

      Defendants.

**DEFENDANTS ANNE TAINTOR AND**
**ANNE TAINTOR, INC.'S ANSWER TO COMPLAINT**

      Defendants ANNE TAINTOR and ANNE TAINTOR, INC. ("Defendants") by and through their counsel of record, Allen, Shepherd, Lewis & Syra, P.A., hereby submit their Answer to Plaintiff's Complaint for Damages for Invasion of Privacy; Prima Facie Tort; Defamation; Violation of Unfair Trade Practices Act; Compensatory Damages; Punitive Damages; and Injunctive Relief; with Jury Demand ("Complaint"). All allegations not explicitly admitted herein are hereby expressly denied.

      1.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore deny the same and demand strict proof thereof.

      2.     Defendants deny the allegations in Paragraph 2 of the Complaint and demand strict proof thereof.

      3.     Defendants admit that Anne Taintor, Inc. was incorporated in the State of New Mexico from 1999 to 2011; however, Anne Taintor, Inc. merged in December 2011 and it has been incorporated in the State of Maine with its principal place of business in New York since

that time. Therefore, Defendants deny Plaintiff's remaining allegations in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof as the allegations in Paragraph 3 are a fraudulent attempt to defeat diversity jurisdiction as Defendants' citizenship is only relevant at the time the lawsuit was filed. *See* Notice of Removal [doc. 1].

4.     Defendants deny the allegations in Paragraph 4 of the Complaint that Defendant Doodlets, LLC (*sic*) (hereafter "Doodlet's") "is an authorized retailer of Anne Taintor, Inc." and "sold products bearing the image of Plaintiff for profit," and demand strict proof thereof. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the Complaint and demand strict proof thereof.

5.     In response to the allegations in Paragraph 5 of Plaintiff's Complaint, Defendants admit only that sometime prior to 2010; Anne Taintor, Inc. purchased the Plaintiff's high school graduation photograph, which was for sale.  Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

6.     In response to the allegations in Paragraph 6 of Plaintiff's Complaint, Defendants admit only that Anne Taintor, Inc. purchased the Plaintiff's high school graduation photograph, which was for sale.  Defendants deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

7.     Defendants admit the allegations in Paragraph 7 of the Complaint that Anne Taintor, Inc.'s only "alteration" of the photograph was to change the background and to add the phrase: "I'm going to be the most popular girl in rehab!"  However, Defendants deny the remaining allegations in Paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore deny the same and demand strict proof thereof.

9. Defendants admit the allegation in Paragraph 9 of Plaintiff's Complaint that Defendant Anne Taintor, Inc. sold thousands of products in the United States and in various other countries bearing Plaintiff's image. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12. In response to Paragraph 12 of the Complaint, Defendants re-allege and incorporate their response to Paragraphs 1 through 11 of the Complaint, as if set forth in full herein.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17.     In response to Paragraph 17 of the Complaint, Defendants re-allege and incorporate their response to Paragraphs 1 through 16 of the Complaint, as if set forth in full herein.

18.     Paragraph 18 is not an allegation directed at any Defendant to which a response is required.  To the extent a response is required; Defendants deny the same and demand strict proof thereof.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22.     In response to Paragraph 22 of the Complaint, Defendants re-allege and incorporate their response to Paragraphs 1 through 21 of the Complaint, as if set forth in full herein.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27.     In response to Paragraph 27 of the Complaint, Defendants re-allege and incorporate their response to Paragraphs 1 through 26 of the Complaint, as if set forth in full herein.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31.     In response to Paragraph 31 of the Complaint, Defendants re-allege and incorporate their response to Paragraphs 1 through 30 of the Complaint, as if set forth in full herein.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34.     Paragraph 34 of the Complaint is a demand for jury only; therefore, no response is required.

35.     Defendants deny any allegations and request for relief found in the WHEREFORE clause including any corresponding subparagraphs and demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

1.      This Court lacks personal jurisdiction over Defendants Anne Taintor and Anne Taintor, Inc.

2.      Plaintiff has failed to commence this action within the time required by the applicable statute of limitations; therefore, such causes of action are barred.

3.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.      As a separate and alternative affirmative defense, Defendants state that statements which constitute opinion are not actionable.

5.      Plaintiff lacks standing to bring a claim pursuant to the Unfair Trade Practices against Defendants.

6.      Plaintiff's claims against Defendants under the Unfair Trade Practices Act are groundless, thereby entitling Defendants to an award of costs and attorneys' fees pursuant to NMSA § 57-12-10(C).

7.      As a separate and alternative affirmative defense, if the allegations complained of are true, which Defendants deny, Plaintiff still cannot prove actual malice and therefore Plaintiff's claim for punitive damages fails.

8.      Plaintiff's claim for punitive damages is barred or limited by the constitution of the State of New Mexico and the United States.

9.      Defendants reserve the right to amend or modify these defenses or to assert additional defenses as the facts may warrant in discovery.

WHEREFORE, Defendants having fully answered the Complaint, requests that the Court dismiss the Complaint in its entirety and for such other and further relief as the Court deems just.

Electronically Filed,

ALLEN, SHEPHERD, LEWIS
 & SYRA, P.A.

*/s/ Christopher P. Winters*
E.W. Shepherd
Christopher P. Winters
Address: P.O. Box 94750
Albuquerque, NM 87199-4750
Phone (505) 341-0110
nshepherd@allenlawnm.com
cwinters@allenlawnm.com
*Attorneys for Defendants Anne Taintor and Anne Taintor, Inc.*

I HEREBY CERTIFY that on the 30th day of December, 2014, I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants Via first class mail, postage prepaid addressed as follows:

A. Blair Dunn, Esq.
6605 Uptown Blvd. NE #280
Albuquerque, NM 87110-4233
abdunn@ablairdunn-esq.com

Ronald C. Archibeque
John A. Frase
Juan M. Marquez
Lalita Devarakonda
Marisela Chavez
ARCHIBEQUE LAW FIRM, LLC
P.O. Box 94837
Albuquerque, NM 87199
ron@archibequelawfirm.com

*/s/ Christopher P. Winters*
Christopher P. Winters