IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA VIGIL,

    Plaintiff,

vs.                                             Case No. D 14-1150 MV/KK

ANNE TAINTOR, ANNE TAINTOR, INC.,
and DOODLETS, LLC,

    Defendants.

## DEFENDANT DOODLET'S, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Defendant Doodlet's, LLC, by and through its counsel, ARCHIBEQUE LAW FIRM, LLC, and pursuant to Fed. R. Civ. P. 12 (b)(6), Fed. R. Civ. P. 56 and D.N.M.LR-Civ. 7,[1] hereby moves for dismissal of Plaintiff's Complaint for Invasion of Privacy; Prima Facie Tort; Defamation; Violation of Unfair Trade Practices Act; Compensatory Damages; Punitive Damages; and Injunctive Relief ("Complaint") against it for failure to state a claim upon which relief can be granted, or in the alternative, requests that Summary Judgment be entered in favor of Doodlet's LLC. As grounds for this Motion, Doodlet's LLC states as follows.

## INTRODUCTION

Plaintiff's claims against Defendant Doodlet's, LLC ("Doodlet's"), which are premised on the speculative assumption that Doodlet's sold Defendants' Anne Taintor and Anne Taintor, Inc.'s (collectively referred to herein as "Anne Taintor") products with Plaintiff's image, are baseless and should be dismissed. The uncontroverted evidence establishes that since Doodlet's

---

[1] Due to the nature of this Motion, Plaintiff's concurrence was not sought. However, to the extent such concurrence is required, Doodlet's, LLC refers the Court to **Exhibit E**, in which Plaintiff's counsel declined to voluntarily dismiss Doodlet's, LLC from this case until Plaintiff's counsel was "satisfied," leaving Doodlet's with no option than to file this Motion.

began operating its store in Santa Fe, New Mexico, in 2010, Anne Taintor has never sold any of the products that are the subject of this lawsuit to Doodlet's. Similarly, there is no evidence to establish that Doodlet's has ever sold any of the products at issue. Furthermore, the indisputable material facts establish that none of the inventory that Doodlet's acquired from a non-related non-party in 2010 were Anne Taintor products. Indeed, despite beginning its operations on June 21, 2010, Doodlet's first purchase order for Anne Taintor products was not submitted until July, 2012, and this consisted solely of coin purses and pens, none of which contained Plaintiff's image. Since that time, Doodlet's has only sold Anne Taintor greeting cards, pens, luggage tags, memo pads, coin purses, and socks. Again, none of these products contained Plaintiff's image which is the subject of this lawsuit. Consequently, Plaintiff cannot maintain her causes of action against Doodlet's and Plaintiff's Complaint should therefore be dismissed as against Doodlet's, or in the alternative, Summary Judgment should be entered in favor of Doodlet's and against Plaintiff.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit stems from Plaintiff's allegations that "sometime before 2010," Anne improperly obtained or took possession of Plaintiff's high school graduation photograph, and used its likeness on numerous products that contained a derogatory statement about Plaintiff. *See* Complaint, at ¶¶ 5-7. Specifically, Plaintiff alleges that Anne Taintor altered Plaintiff's photograph, such that it was still the undeniable likeness of Plaintiff, but contained the derogatory statement that Plaintiff was, "going to be the most popular girl in rehab". Complaint, at ¶ 7. Plaintiff's Complaint against Doodlet's is premised on allegations that Doodlet's "is an authorized retailer of Anne Taintor, Inc. that, *upon information and belief,* has sold products bearing the image of Plaintiff for profit," and that Defendants have collectively "sold thousands

of products bearing the derogatory use of Plaintiff's image in New Mexico and across the world," and have "profited substantially from the unauthorized and defamatory use of Plaintiff's image." Complaint, at ¶¶ 4, 9 (emphasis added). As outlined in this Motion, there is absolutely nothing to support Plaintiff's "information and belief."

Based on the overwhelming evidence which demonstrates that Plaintiff's claims against Doodlet's are meritless, Anne Taintor removed the case to this Court asserting that Doodlet's was fraudulently joined for purposes of destroying diversity. *See* Notice of Removal [Doc. 1]. In support of the removal, Anne Taintor attached various affidavits which established that Doodlet's was fraudulently joined. *See* Affidavits [Docs. 1-1, 1-2, 1-3]. Despite the presentation of sworn affidavits, which demonstrated that Anne Taintor never sold Doodlet's any of the products at issue in this case, and that Doodlet's never sold any such products from its Santa Fe, New Mexico store, Plaintiff filed a Motion to Remand, in which Plaintiff essentially claimed, without any factual support whatsoever, that Doodlet's withheld information about the inventory it received from Doodlet's, Ltd. (a non-related non-party), and its relationship "in privity" with Doodlet's, Ltd., if any. *See* Plaintiff's Motion to Remand [Doc. 11], at pp. 3-5.

In response to Plaintiff's Motion to Remand, Anne Taintor and Doodlet's both filed Responses [Docs. 18, 20] that directly addressed the issues raised in Plaintiff's Motion to Remand. Indeed, Doodlet's Response contained a second affidavit from one of its owners, Mr. Stephen Young, in which Mr. Young expressly affirmed, in part, that:

> 6. Doodlet's LLC only purchased assets from the seller and did not assume any of the seller's obligations or liabilities.
>
> 7. The inventory sold by seller to Doodlet's LLC, did not include any Anne Taintor, Inc. product, including Plaintiff Vigil's image.

3

8. The purchase of assets of Doodlet's was not: 1) a consolidation or merger; (2) a continuation or the transfer of seller's entity; or (3) for the purpose of fraudulently avoiding liability.

9. The seller and Doodlet's, LLC, are separate and distinct entities.

10. Doodlet's, LLC, never possessed Plaintiff's picture nor altered Plaintiff's picture.

Doodlet's Response [Doc. 20], at pp. 8-9, ¶¶ 6-10.

In her Reply, Plaintiff astonishingly continued to assert that Doodlet's was not fraudulently joined. *See* Plaintiff's Reply [Doc. 25]. Although Plaintiff's assertions with regard to Doodlet's were more restrictive claiming simply that questions of fact still remain because "an entity called 'Doodlet's' sold Anne Taintor, Inc. products...." *Id.*, at p. 2, ¶ 2. However, even with respect to that alleged entity, Plaintiff was only able to speculate about whether any viable causes of action exist, claiming "that the predecessor entity...sold Anne Taintor, Inc.'s products *likely* including products bearing the image of Plaintiff." *Id.* (emphasis added). Plaintiff further claimed that "[o]nly through discovery or a showing of actual documentary evidence could it be a certainty Doodlet's, LLC did not sell the product in question...." *Id.*, at p. 4, ¶ 5.

In addition to filing her Reply, Plaintiff's counsel circulated a proposed Motion for Leave to Amend Complaint and to Add or Substitute Additional Parties Defendant. *See* **Exhibit A**, email from Plaintiff's counsel to Defendants' counsel, dated February 22, 2015 at 6:49 p.m. Interestingly, in the proposed Motion for Leave to Amend, Plaintiff states that Doodlet's, Ltd. "should either be joined as an additional party or substituted for Doodlet's, LLC." **Exhibit B**, Plaintiff's proposed Motion for Leave, at p. 3, ¶ 3. Notwithstanding this language in the proposed Motion for Leave to Amend, the proposed Amended Complaint keeps Doodlet's as a

party to this case, with identical allegations regarding Doodlet's purported sale of the product at issue.[2] *See* **Exhibit C**, Plaintiff's proposed Amended Complaint, at ¶¶ 4, 15.

Because it appeared from the language in Plaintiff's proposed Motion for Leave to Amend, as well as Plaintiff's counsel's informal request for "documentary evidence" to support Doodlet's position that it did not receive any Anne Taintor products from Doodlet's, Ltd. (a non-related non-party), that Plaintiff's counsel might be willing to dismiss Doodlet's from this case, Doodlet's voluntarily produced a fifty-two page document entitled "Doodlet's Beginning Inventory/Vendor Schedule June 21, 2010," which supported the affidavits that were attached to Doodlet's pleadings. *See* **Exhibit A**, email from Plaintiff's counsel to Defendants' counsel, dated February 22, 2015 at 6:49 p.m. ("[P]lease go ahead and apprise me of what your client said about providing information via email...."); **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. Along with the production of the inventory document, and there being utterly no basis to maintain claims against Doodlet's, Doodlet's counsel requested that Plaintiff amend the proposed Amended Complaint to dismiss Doodlet's from this lawsuit. **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. In the face of overwhelming evidence which demonstrates that that Plaintiff's claims against Doodlet's (*e.g.*, selling products bearing Plaintiff's image for profit) are baseless, including two separate sworn affidavits and a fifty-two page inventory document, Plaintiff's counsel declined to amend the proposed Amended Complaint, claiming that he was "willing to stipulate to dismissing [Doodlet's] *after we are satisfied....*" **Exhibit E**, email from Plaintiff's counsel to Defendants' counsel, dated February 23, 2015 at 2:23 p.m. (emphasis added).

---

[2] The proposed Amended Complaint also adds Doodlet's, Ltd.

It should also be noted that during discussion of the inventory document, Doodlet's counsel, on two separate occasions, requested that Plaintiff's counsel "provide any and all information or documents that supports [Plaintiff's] 'good faith' basis for keeping [Doodlet's] in this lawsuit." **Exhibit F**, emails from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 9:59 a.m. and 10:18 a.m. On both occasions, Plaintiff's counsel completely ignored the requests. *See* **Exhibit G**, emails from Plaintiff's counsel to Doodlet's counsel, dated February 23, 2015 at 10:13 a.m. and 10:24 a.m. Ironically, Anne Taintor's and Doodlet's counsel both provided Plaintiff's counsel with informal discovery that Plaintiff's counsel had requested. *See* **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. (producing the inventory document); **Exhibit H**, email from Anne Taintor's counsel to Plaintiff's counsel, dated February 23, 2015 at 11:56 a.m. However, when it came time for Plaintiff's counsel to act in good faith and produce information necessary for a resolution of the issues in this case, which every party has a duty to do under Fed. R. Civ. P. 26, Plaintiff's counsel blatantly ignored the requests and was unable to provide a shred of evidence to support the alleged "good faith" basis to keep Doodlet's in this case, presumably because no such evidence exists.

There is no question that Plaintiff's claims against Doodlet's fail to state a claim upon which relief can be granted. Accordingly, Doodlet's requests that the Court dismiss Plaintiff's Complaint against it, or in the alternative, that the Court enter Summary Judgment in favor of Doodlet's and against Plaintiff.

## ANALYSIS

### I. STATEMENT OF UNDISPUTED MATERIAL FACTS ("UMF's").

1. On or about November 8, 2014, Plaintiff filed a lawsuit against Defendants Anne Taintor, Anne Taintor, Inc., and Doodlet's, LLC in New Mexico State Court. *See* Complaint.

2. Plaintiff's claims against Doodlet's, LLC are premised on the allegations that Doodlet's, LLC "is an authorized retailer of Anne Taintor, Inc. that, upon information and belief, has sold products bearing the image of Plaintiff for profit," and that Defendants, including Doodlet's, LLC, "sold thousands of products bearing the derogatory use of Plaintiff's image in New Mexico and across the world." Complaint, at ¶¶ 4, 9.

3. The retail business known as "Doodlet's" was founded in 1955. Affidavit of S. Young [Doc. 1-3], at ¶ 3.

4. On June 21, 2010, an entity named Doodlelise, LLC, acquired certain assets from Doodlet's, Ltd., (an unrelated entity) which included the name "Doodlet's." Affidavit of S. Young [Doc. 1-3], at ¶ 4; Second Affidavit of S. Young [Doc 20], at p. 8, ¶ 4.

5. Shortly after the sale, Doodlelise, LLC, amended its Articles of Organization and changed its name to Doodlet's, LLC. Second Affidavit of S. Young [Doc 20], at p. 8, ¶ 5.

6. The seller and Doodlet's, LLC, were and are separate and distinct entities. Second Affidavit of S. Young [Doc 20], at p. 8, ¶ 9.

7. Furthermore, Doodlet's, LLC's purchase of assets was not: 1) a consolidation or merger; (2) a continuation or the transfer of seller's entity; or (3) for the purpose of fraudulently avoiding liability. Second Affidavit of S. Young [Doc 20], at p. 9, ¶ 8.

8. In the transaction, Doodlet's, LLC only purchased assets form the seller and did not assume any of the seller's obligations or liabilities. Second Affidavit of S. Young [Doc 20], at p. 8, ¶ 6.

9. In addition, the inventory sold by seller to Doodlet's, LLC, did not include any Anne Taintor, Inc. product, including products with Plaintiff's image. Second Affidavit of S. Young [Doc 20], at p. 8, ¶ 7.

10. Doodlet's, LLC, currently operates and sells products from its store located at 120 Don Gaspar Avenue, Santa Fe, New Mexico, and does not sell its products online. Affidavit of S. Young [Doc. 1-3], at ¶ 5.

11. From June, 2010 through August, 2012, Doodlet's, LLC, did not purchase or carry any of Anne Taintor's or Anne Taintor, Inc.'s products in its store. Affidavit of S. Young [Doc. 1-3], at ¶ 6.

12. Doodlet's, LLC's first purchase of Anne Taintor Inc. products was in July, 2012, and consisted solely of coin purses and pens. Affidavit of S. Young [Doc. 1-3], at ¶ 6.

13. Since beginning to sell Anne Taintor, Inc. products in August, 2012, Doodlet's, LLC has only sold Anne Taintor, Inc. greeting cards, pens, luggage tags, memo pads, coin purses, and socks. Affidavit of S. Young [Doc. 1-3], at ¶ 7.

14. In fact, neither Anne Taintor nor Anne Taintor, Inc. have ever sold or supplied Doodlet's, LLC any product bearing Plaintiff's "high school graduation photograph with the phrase 'I'm going to be the most popular girl in rehab'." Affidavit of A. Taintor, Individually [Doc. 1-1], at ¶ 7; Affidavit of Anne Taintor, Inc. [Doc. 1-2], at ¶ 7.

15. In short, Doodlet's, LLC has never possessed Plaintiff's picture. Second Affidavit of S. Young [Doc 20], at p. 9, ¶ 10.

## II. THE PERTIENENT STANDARD MANDATES THAT PLAINTIFF'S CLAIMS AGAINST DOODLET'S BE DISMISSED.

Under Rule 12, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6)

motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007); *Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 546 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (stating that a plaintiff's complaint must set forth more than a threadbare recital "of the elements of a cause of action, supported by mere conclusory statements"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 545 (citation omitted). To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570; *Mink v. Knox,* 613 F.3d 995 (10th Cir.2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The allegations must be enough that, if assumed to be true, the plaintiff

plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

"If, on a motion under Rule 12(b)(6)…, matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once this burden has been met, "the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Intern., Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) (citing *Celotex*, 477 U.S. at 324). "To be a 'genuine' factual dispute, there must be more than a mere scintilla of evidence." *Vitkus v. Beatrice Co.*, 11 F.3d 1535 (10th Cir. 1993). Rather, "the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, the undisputed material facts unequivocally establish that there is absolutely no basis, other than Plaintiff's reliance on ungrounded "metaphysical possibility" and speculation, for Plaintiff's claims against Doodlet's, and, as a result, Plaintiff's claims against Doodlet's should be dismissed. In addition, the indisputable facts demonstrate that there is no genuine

issue of material fact that which would preclude Summary Judgment in favor of Doodlet's. This is despite Doodlet's repeated requests for anything that would support Plaintiff's alleged "good faith" basis for her claims against Doodlet's, all of which were ignored. For these reasons, Plaintiff's proposed Amended Complaint, which has not yet been filed, but which keeps Doodlet's as a Defendant in this case, would be futile and should not be permitted. Finally, due to Plaintiff and Plaintiff's counsel's failure to dismiss Doodlet's from this case, despite the overwhelming showing of evidence demonstrating that Plaintiff's claims are completely meritless, Doodlet's should be awarded its attorney's fees and costs from the inception of this case.

### III. THE UNDISPUTED MATERIAL FACTS ESTABLISH THAT PLAINTIFF'S CLAIMS AGAINST DOODLET'S LACK MERIT, AND THEREFORE, MUST BE DISMISSED AS A MATTER OF LAW.

The gravamen of Plaintiff's claims against Doodlet's is that Doodlet's sold the Anne Taintor, Inc. product at issue in this case, that being, Plaintiff's image with a derogatory statement that reads: 'I'm going to be the most popular girl in rehab'." UMF's 1, 2. Consequently, in order to maintain her claims against Doodlet's, Plaintiff must show that Doodlet's had the product (either by acquisition from Doodlet's, Ltd. or by purchasing it from Anne Taintor/Anne Taintor, Inc.), and that Doodlet's actually sold it. However, the undisputed material facts demonstrate that none of these things are true.

When Doodlet's purchased the assets from Doodlet's, Ltd. on June 21, 2010, the inventory it acquired did not include any Anne Taintor, Inc. product, and therefore it did not include any products with Plaintiff's image. UMF 9. In fact, from June, 2010 through August, 2012, Doodlet's did not purchase or carry any of Anne Taintor's or Anne Taintor, Inc.'s products in its store. UMF 11. Doodlet's first purchase of Anne Taintor Inc. products was in July, 2012,

and consisted solely of coin purses and pens. UMF 12. Since beginning to sell Anne Taintor, Inc. products in August, 2012, Doodlet's has only sold Anne Taintor, Inc. greeting cards, pens, luggage tags, memo pads, coin purses, and socks. UMF 13. Neither Anne Taintor nor Anne Taintor, Inc. have ever sold or supplied Doodlet's any product bearing Plaintiff's "high school graduation photograph with the phrase 'I'm going to be the most popular girl in rehab'." UMF 14. In short, Doodlet's has never possessed Plaintiff's picture. UMF 15. Based on the indisputable material facts, there is no possibility that a cause of action against Doodlet's can be maintained. Plaintiff's claims that Doodlet's sold the products at issue in this case are nothing but utter and groundless speculation and have no facial plausibility in fact. Plaintiff's motive to name Doodlet's is manifest. It was nothing more than a ploy to defeat diversity with the hopes of keeping this matter in State court. However, because there is entirely nothing which would support Plaintiff's claims against Doodlet's, dismissal is appropriate.

Furthermore, Plaintiff's claims for prima facie tort, defamation, presentation to the public in a false light, invasion of right to privacy, and violations of the Unfair Trade Practices Act, all require a defamatory communication or statement regarding the Plaintiff. *See* UJI 13-1631 NMRA (explaining that for prima facie tort the alleged act or failure to act must cause harm to plaintiff), UJI 13-1002 NMRA (stating that to establish defamation Plaintiff must prove that defendant published the communication); *Andrews v. Stallings*, 1995-NMCA-015, 119 N.M.478, 492-93 (stating that false light invasion of privacy is similar to a defamation claim and that invasion of privacy claims include false light); NMSA 1978, § 57-12-2(D) (stating that a UPA claim requires a false or misleading statement or visual description). In the present case, Doodlet's never acquired, never altered, was never sold, never purchased, or never possessed any products bearing Plaintiff's image. As a result, Doodlet's could not and did not make any

defamatory communication or statement concerning the Plaintiff. Accordingly, Plaintiff's Complaint against Doodlet's should be dismissed, or in the alternative, Summary Judgment in favor of Doodlet's should be entered as a matter of law.

## IV.  DOODLET'S, LLC HAS NO RELATIONSHIP WITH DOODLET'S, LTD.[3]

In her Motion to Remand, Plaintiff claimed generally, without any factual support whatsoever, that Doodlet's, LLC may have some sort of "relationship" with Doodlet's, Ltd., and that this "relationship" may somehow implicate Doodlet's, LLC in this case. As with her allegations regarding Doodlet's, LLC's sale of the product at issue, Plaintiff's allegations regarding Doodlet's, LLC's "relationship" with Doodlet's, Ltd. are without merit, and therefore, speculative, at best.

To the contrary, the undisputed material facts establish that a retail business known as "Doodlet's" was founded in 1955, and on June 21, 2010, an entity named Doodlelise, LLC acquired certain assets from Doodlet's, Ltd., (an unrelated entity), which included the name "Doodlet's." UMF's 3, 4. Shortly after the sale, Doodlelise, LLC, amended its Articles of Organization and changed its name to Doodlet's, LLC. UMF 5. The seller and Doodlet's, LLC were and are separate and distinct entities. UMF 6. Furthermore, Doodlet's, LLC's purchase of assets was not: 1) a consolidation or merger; (2) a continuation or the transfer of seller's entity; or (3) for the purpose of fraudulently avoiding liability. UMF 7. In the transaction, Doodlet's, LLC only purchased assets form the seller and did not assume any of the seller's obligations or liabilities. UMF 8. In addition, however, the inventory sold by seller to Doodlet's, LLC, did not include any Anne Taintor, Inc. product, including products with Plaintiff's image. UMF 9; **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. (enclosing a fifty-two page inventory list, dated June 21, 2010).

---

[3] For clarity, Doodlet's is referred to in Section IV as "Doodlet's, LLC."

13

Plaintiff's attempt to implicate Doodlet's, LLC through Doodlet's, Ltd. is clearly an effort by the Plaintiff to grasp at the proverbial straws or throw mud at the wall with the hope that something sticks. The truth is that Doodlet's, LLC has no relation whatsoever to Doodlet's, Ltd. and nothing that Doodlet's, Ltd. may have done would implicate Doodlet's, LLC, especially given the uncontroverted fact that Doodlet's, LLC did not acquire any of the products at issue in this case from Doodlet's, Ltd. Accordingly, Plaintiff's Complaint against Doodlet's, LLC should be dismissed, or in the alternative, Summary Judgment in favor of Doodlet's, LLC should be entered as a matter of law.

## V. PLAINTIFF'S PROPOSED AMENDED COMPLAINT SHOULD NOT BE PERMITTED AS CURRENTLY-PRESENTED BECAUSE IT WOULD BE FUTILE.

Despite the abundance of evidence that has been provided to Plaintiff and Plaintiff's counsel regarding the non-existence of any evidence, as well as Plaintiff's counsel's refusal to provide any evidence in support Plaintiff's claims against Doodlet's, Plaintiff's counsel recently circulated a proposed Amended Complaint that kept Doodlet's as a party in this case. *See* **Exhibit A**, email from Plaintiff's counsel to Defendants' counsel, dated February 22, 2015 at 6:49 p.m.; **Exhibit C**, Plaintiff's proposed Amended Complaint. However, based on the foregoing facts, which clearly establish that Plaintiff has no plausible basis to maintain her causes of action against Doodlet's, the Court should exercise its discretion and preclude Plaintiff from filing the proposed Amended Complaint as currently-presented since doing so would be futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss *sua sponte* when it is 'patently obvious' that the

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotations and citations omitted).

## VI. THE CIRCUMSTANCES OF THIS CASE ENTITLE DOODLET'S TO ITS ATTORNEYS' FEES AND COSTS ASSOCIATED WITH DEFENDING THIS ACTION.

While the Tenth Circuit generally follows the "American Rule" regarding the award of attorneys' fees and costs, *see Pound v. Airosol Co.*, 498 F.3d 1089, 1100 (10th Cir. 2007), "[t]he federal judiciary has recognized several exceptions to the general principle that each party should bear the costs of its own legal representation." *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974). One such exception "recognize[s] that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (footnote and citations omitted). This exception, known as the "bad faith" exception, has been expressly recognized by the Tenth Circuit and by this Court. *See, e.g., The Resolution Trust Corp. v. Schuchmann*, 2000 WL 34012866, * 4 (D.N.M. Dec. 18, 2000); *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765-66 (10th Cir. 1997). "The bad faith exception to the American rule derives from the court's inherent power to sanction conduct that abuses the judicial process." *Schuchmann*, 2000 WL 34012866, * 4 (citation omitted). "The imposition of sanctions under the bad-faith exception depends on how the parties conduct themselves during the litigation." *Id.*, * 5. "The court may impose sanctions upon a party for the bad faith [he] displays toward both his adversary and the court throughout the course of the litigation." *Id.*

Plaintiff's attempt to drag on the inevitable for no apparent reason other than to vexatiously harass, embarrass and annoy Doodlet's is concerning. Plaintiff has been provided a total of four sworn affidavits and a fifty-two page inventory document which all establish that

15

Doodlet's never possessed or sold the product at issue in this case. *See* Docs 1-1, 1-2, 1-3 and 20 (at pgs. 8-9); **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. In addition to ignoring this uncontroverted evidence, Plaintiff's counsel has also ignored direct requests for any and all information that would substantiate Plaintiff's claims against Doodlet's. **Exhibit F**, emails from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 9:59 a.m. and 10:18 a.m.; **Exhibit G**, emails from Plaintiff's counsel to Doodlet's counsel, dated February 23, 2015 at 10:13 a.m. and 10:24 a.m. This was after Anne Taintor's and Doodlet's counsel both responded to Plaintiff's counsel's request for information which is essential to a resolution of the issues in this case. *See* **Exhibit D**, email from Doodlet's counsel to Plaintiff's counsel, dated February 23, 2015 at 2:12 p.m. (producing the inventory document); **Exhibit H**, email from Anne Taintor's counsel to Plaintiff's counsel, dated February 23, 2015 at 11:56 a.m. Perhaps the most telling evidence of the "bad faith" approach that Plaintiff's counsel has taken in this case is an email sent in response to Doodlet's request for a voluntary dismissal in which Plaintiff's counsel stated that he was "willing to stipulate to dismissing [Doodlet's] *after we are satisfied....*" **Exhibit E**, email from Plaintiff's counsel to Defendants' counsel, dated February 23, 2015 at 2:23 p.m. (emphasis added).

There is no question that Plaintiff and Plaintiff's counsel's inclusion of Doodlet's in this lawsuit, which was done for no apparent reason other than to defeat diversity, and subsequent refusal to dismiss Doodlet's in the face of overwhelming evidence which eliminates any possible ability to maintain any causes of action against Doodlet's, is the epitome of "bad faith" that warrants the entry of attorneys' fees and costs associated with Doodlet's defense of this action. Accordingly, the Court should exercise its discretion and award Doodlet's its attorney's fees and costs incurred since the inception of this case.

## CONCLUSION

**WHEREFORE**, and for the reasons set forth above, Defendant Doodlet's, LLC, requests that the Court dismiss Plaintiff's Complaint against it, or in the alternative, that the Court enter Summary Judgment in favor of Doodlet's and against Plaintiff, that the Court award Doodlet's its attorneys' fees and costs, all other relief it deems just and proper.

DATED this 25th day of February, 2015.

ARCHIBEQUE LAW FIRM, LLC

*/s/ Ronald C. Archibeque*
Ronald C. Archibeque
Lalita Devarakonda
Juan M. Marquez
P.O. Box 94837
Albuquerque, NM 87199
(505) 750-2363
Fax: 505/792-6084
*Attorneys for Defendant Doodlet's, LLC*

I hereby certify that a true and correct copy of the foregoing pleading was filed and served electronically through the EFS system on February 25, 2015, to counsel as follows:

A. Blair Dunn, Esq.
6605 Uptown Blvd., NE, #280
Albuquerque, NM 87110
(505) 881-5155
*Attorney for Plaintiff*

E.W. Shepherd, Esq.
Christopher P. Winters, Esq.
ALLEN, SHEPHERD, LEWIS & SYRA, P.A.
P.O. Box 94750
Albuquerque, NM 87199
(505) 341-0110
*Attorneys for Defendants Anne Taintor
    and Anne Taintor, Inc.*

*/s/ Ronald C. Archibeque*
Ronald C. Archibeque