IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VERONICA VIGIL,**

    **Plaintiff,**

    vs.                                                Civ. No. 14-1150 MV/KK

**ANNE TAINTOR, ANNE TAINTOR, INC.,**
**and DOODLETS, LLC,**

    **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Amend Complaint and To Add or Substitute Additional Parties Defendant ("Motion"), filed on February 27, 2015. (Doc. 28.) Defendant Doodlet's LLC, filed a Response on March 13, 2015 (Doc. 30), and Plaintiff filed a Reply and a Notice of Briefing Complete on March 30, 2015. (Doc. 33, 34.) Having reviewed the parties' submissions and the relevant law, and being fully advised in the premises, the Court recommends that the Motion be **GRANTED.**

## Background

Plaintiff's Complaint alleges that Defendants misappropriated Plaintiff's high school graduation photograph by using the photograph on products with a statement that she was "going to be the most popular girl in rehab." (Doc. 1-4 at ¶ 7.) Plaintiff alleges that Defendants "sold thousands of products bearing the derogatory use of Plaintiff's image in New Mexico, and across the world." (*Id*. at ¶ 9.) Plaintiff claims emotional damages, loss of privacy, and loss of her reputation.

---

[1] An Order of Reference (Doc. 31) was entered on March 24, 2015, referring this case to the undersigned Magistrate Judge to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

**Motion to Amend**

In the Motion presently before the Court, Plaintiff seeks to amend her Complaint to join Doodlet's, Ltd., Jane Doe, Talin Enterprises, Marcy Street Card Shop,[2] La Montanita Food Cooperative,[3] Cost Plus, Inc., and Now We're Cooking as Defendants in the case. (Doc. 28.) Defendants Anne Taintor and Anne Taintor, Inc., do not oppose the Motion. (*Id*. at 1, n. 1.) Defendant Doodlet's, LLC, in opposing the Motion, argues the same position it has taken in both its Response to Plaintiff's Motion to Remand and in its Motion to Dismiss; *i.e.,* that there is no basis in fact to support Plaintiff's claims against it and that these claims should be dismissed. (Doc. 20 at 3-5, Doc. 26, Doc. 30 at 1.) In other words, Defendant Doodlet's, LLC, opposes Plaintiff's Motion only insofar as it remains a named defendant in the Amended Complaint. The question of whether Defendant Doodlet's, LLC, should be a party to this action has been sufficiently preserved both in Defendants' responses to Plaintiff's Motion to Remand and in Defendant Doodlet's, LLC's Motion to Dismiss. Therefore, raising this argument here is redundant. Further, Defendant Doodlet's, LLC, makes no argument in opposition to the joinder of the additional Defendants, which is the only substantive change sought by the proposed amended complaint.

Federal Rule of Civil Procedure 15 governs amendments to a complaint. Rule 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). When a party moves to amend its complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be refused only on "a showing of

---

[2] Although Plaintiff identifies Marcy Street Card Shop as an additional defendant she seeks to join, this proposed new party defendant is not listed in the caption of Plaintiff's proposed Amended Complaint. (Doc. 28-1 at 1.)

[3] Although Plaintiff identifies La Montanita Food Cooperative as an additional defendant she seeks to join, this proposed defendant is not listed in the body of Plaintiff's proposed Amended Complaint. (Doc. 28-1 at 2.)

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court, and we will not reverse the court's decision absent an abuse of discretion." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citations omitted). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

The Court recommends that Plaintiff's Motion be granted. Initially, Plaintiff timely filed her Motion.[4] There is no prejudice to Defendant Doodlet's, LLC, in granting the Motion because the proposed amended complaint does not add new claims against this Defendant or alter any of the claims already pled. Those claims are the subject of a pending motion to dismiss, and the joinder of additional parties proposed by the amended complaint will not impact this Defendant's pending motion to dismiss the claims against it or alter the analysis of its merits.[5] Further, there is no evidence of bad faith, dilatory motive or futility of amendments proposed. Finally, none of the Defendants have raised any objections to Plaintiff's Motion insofar as it seeks to join the additional parties, and for that reason, the Court finds that the proposed joinder of the additional named Defendants is unopposed.

---

[4] The Order Adopting Joint Status Report and Provisional Discovery Plan With Changes and Setting Case Management Deadlines, filed on February 12, 2015, established a deadline for Plaintiff to amend and join additional parties by written consent or to seek leave of the court to amend and join additional parties in compliance with Rule 15(a)(2) by April 15, 2010. (Doc. 23.) Plaintiff's Motion was filed on February 27, 2015.

[5] The Court notes that Defendant Doodlet's, LLC's Motion to Dismiss is not ripe for review as the parties have agreed to an extension of time for Plaintiff to file its response until after the parties have deposed Doodlet's, LLC's principals. (*See* Doc. 32.) Granting Plaintiff's Motion will not disrupt this discovery.

**28 U.S.C. § 1447**

Permitting Plaintiff to add non-diverse defendants[6] in this diversity case requires the Court to take additional action.  Section 1447(c) of Title 28, United States Code, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Further, Section 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder *and* remand the action to the State Court."  28 U.S.C. § 1447(e) (emphasis added).  "To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court."  *McPhail v. Deere & Co*., 529 F.3d 947, 951 (10th Cir. 2008).  In the present matter, the Court is recommending that Plaintiff's Motion to join additional parties be granted, and the joining of those parties will destroy subject matter jurisdiction.[7]

In general, the joinder of non-diverse parties that otherwise destroys diversity requires consideration of Fed. R. Civ. P. 19 to determine if the joined parties are necessary and/or indispensable in determining whether remand is necessary.  *See Salt Lake Tribune Pub. Co. v. AT&T Corp*., 320 F.3d 1081, 1096 (10th Cir. 2003) (describing multistep inquiry).  In this case, however, such an inquiry is not required because Defendants have not opposed the joinder of

---

[6] Plaintiff and five of the seven additional defendants who Plaintiff has identified in her Motion to amend as parties she seeks to join, are citizens of New Mexico.  (*See* Plaintiff's Motion (Doc. 28, at 2-3).  Cost Plus, Inc., is a California corporation with a business located in Santa Fe, New Mexico (*Doc.* 28-1 at 2), and Jane Doe's citizenship is disregarded for purposes of determining diversity.  Under federal removal statutes, the citizenship of defendants sued under fictitious names*, i.e.,* "Jane Doe," shall be disregarded.  28 U.S.C. § 1441(b); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

[7] Defendants have previously taken the position that Plaintiff fraudulently joined Defendant Doodlet's, LLC, to destroy the Court's diversity jurisdiction in this case.  However, Defendants' failure to object to the proposed joinder of non-diverse defendants on any grounds much less that these new parties are not indispensable or that such joinder is likewise fraudulent, convinces the undersigned that remand is now necessary.  Because, with the exception of Cost Plus and Jane Doe, all of the additional parties to be joined have New Mexico residency, diversity is clearly destroyed pursuant to 28 U.S.C. § 1332, and remand is required pursuant to 28 U.S.C. § 1447(e).  Remand on this basis would of course render moot Defendants' fraudulent joinder arguments as to Doodlet's LLC.

additional non-diverse parties or challenged whether they are necessary or indispensable to this action. Further, even if the joined defendants were not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. *McPhail,* 529 F.3d at 952 (citing *State Distrib., Inc. v. Glenmore Distill*. Co., 738 F.2d 405, 416-17 (10th Cir. 1984)). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and explicably delayed, [and whether it] was offered in good faith . . . . " *Id.* If the district court determines that joinder is appropriate, Section 1447(e) requires remand to State Court. *McPhail*, 529 F.3d at 952. Here, Plaintiff's leave to amend to join additional parties is timely; there is no prejudice to Defendants; there is no evidence of bad faith or dilatory motive or futility; and Plaintiff's request to join additional parties is, for all intents and purposes, unopposed. The Court recommends that this action be remanded to State Court.

## Conclusion

For the foregoing reasons, the Court recommends as follows:

1. Plaintiff's Motion for Leave to Amend Complaint and To Add or Substitute Additional Parties Defendant (Doc. 28) be **GRANTED**; and

2. This action be **REMANDED** to the First Judicial District Court, County of Rio Arriba, State of New Mexico.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Section 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen (14) days period allowed if

that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**