IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Veronica Vigil,

        Plaintiff,

vs.

Anne Taintor, *et al.*

        Defendants.

No. 14-CV-01150-MV-KK

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") [Doc. 36] regarding Plaintiff's Motion for Leave to Amend Complaint [sic] and to Add or Substitute Additional Parties [sic] Defendant [Doc 28]. Defendants Anne Taintor and Anne Taintor, Inc. timely filed a joint Objection to the Magistrate Judge's PFRD [Doc. 38]. Having reviewed the Defendants' Objection, the Magistrate Judge's PFRD, the relevant law, and being otherwise fully-informed, the Court concurs with the Magistrate Judge's findings and adopts her recommendations.

### DISCUSSION

Defendants' Objection is easily dismissed. On February 27, 2015, Plaintiff Veronica Vigil filed a motion to amend her Complaint by adding new defendants to the action. Neither Anne Taintor, nor Anne Taintor, Inc. responded to Vigil's Motion to Amend. On April 17, 2015 the Magistrate Judge assigned to this case entered her PFRD regarding the Motion to Amend, which cogently articulated the applicable law, determined that Plaintiff ought to be given leave

to amend her Complaint, and that, because the addition of the proposed defendants would destroy diversity jurisdiction, the action should be remanded to New Mexico state court.  *See generally* Doc. 36.  Defendants then filed a joint Objection on May 1, 2015, arguing, in effect, that the Plaintiff sought fraudulently to join the new defendants for the sole purpose of avoiding federal court and that the current Defendants should be permitted to engage in limited discovery prior to the disposition of the Motion in order to ascertain whether each of the new defendants is properly a party to this suit.  *See generally* Doc. 38.

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made."  28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Hence, "'[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.'"  *United States v. Williamson*, 319 F. App'x 734, 737 (10th Cir. 2009) (quoting *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)).  *See also Al-Villar v. Donley*, 971 F. Supp. 2d 1084, 1095 (D.N.M. 2013) ("In addition to requiring specificity in objections, the Tenth Circuit has stated that [i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") (internal quotation marks omitted).  Consequently, the Court will disregard Defendants' Objection.  In reaching this conclusion, the Court stresses that the "role played by magistrates within the federal judicial framework is an important one" and that "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second

round." *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988).

Thus, in the instant case, there are no valid objections before the Court. Even so, the Court has reviewed the PFRD and joins in its conclusions. On the information available to the Magistrate Judge, the Court perceives no risk of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Doc. 36 at 3 (quoting *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005)). Therefore, in the interest of ensuring "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties," the Court agrees that it is prudent to grant Plaintiff leave to amend her Complaint. Doc. 36 at 3 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). This amendment, however, adds non-diverse defendants to the action, which strips this Court of subject matter jurisdiction over the suit and demands that it be remanded to the court from which it was removed. *See* Doc. 36 at 4-5.

**CONCLUSION**

The Court is aware that this action may be before this Court again on removal if the recently-added parties have been improperly tacked on to this matter.  However, the Court refuses to derogate proceedings before the Magistrate Judges by legitimizing Objections predicated on novel arguments raised for the first time before the District Judge.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 36] is **ADOPTED.**  Plaintiff's Motion for Leave to Amend Complaint [sic] and to Add or Substitute Additional Parties [sic] Defendant [Doc 28] is **GRANTED** and, therefore, this action is **REMANDED** to the First Judicial District Court, County of Rio Arriba, State of New Mexico for further proceedings.

Dated this 15th day of June, 2015.

								/s/ *(signature)*
							**MARTHA VÁZQUEZ**
							UNITED STATES DISTRICT JUDGE

**A. Blair Dunn**				**Christopher P. Winters**
Western Agriculture, Resource		**Edward Shepherd**
and Business Advocates, LLP		Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Albuquerque, NM 87104			Albuquerque, NM 87199
*Attorney for the Plaintiff*			*Attorneys for the Taintor Defendants*